**Jerald DAVIS, Plaintiff–Appellee,**

v.

**William OWENS, Defendant–Appellant.**

**No. 91–2673.**

United States Court of Appeals, Seventh Circuit.

Argued May 20, 1992.

Decided Aug. 26, 1992.

John H. Bisbee, Macomb, Ill., argued, for plaintiff-appellee.

Roland W. Burris, Chicago, Ill., Terence J. Corrigan, Asst. Atty. Gen., Crim. Appeals Div., Springfield, Ill., Alison E. O'Hara (argued), Civ. Appeals Div., Chicago, Ill., for defendant-appellant.

Before BAUER, Chief Judge, POSNER, Circuit Judge, and FLOYD R. GIBSON, Senior Circuit Judge.[1]

FLOYD R. GIBSON, Senior Circuit Judge.

This is an interlocutory appeal from the district court's denial of William Owens' motion to dismiss based upon qualified immunity. We reverse.

## I. BACKGROUND

Jerald Davis, a licensed insurance broker, wrote credit life and disability insurance policies insuring loan customers of the First National Bank of Macomb, Illinois ("the Bank"). Each policy was financed by adding the individual borrower's insurance premium to the sum of money borrowed from the Bank. The premium, minus the Bank's commission, was deposited into an escrow account held by Davis. Davis would then forward the net premium and policy application to the insurance company for policy issuance. In an effort to collect money from Davis on a unrelated matter, the Bank closed the escrow accounts in 1985; in doing so, the Bank discovered that certain borrower's credit life insurance policies had not been issued. The Bank contacted the McDonough County State's Attorney Office. William Poncin, an Assistant State's Attorney, referred the matter to William Owens, a special agent in the Illinois Department of State Police Fraud and Forgery Division. Owens conducted a year-long investigation, which revealed thirteen instances in which debtors had paid premiums for the purchase of insurance, the money had been deposited into Davis' escrow account, but no insurance had been purchased. Owens turned this information over to Assistant State's Attorney Poncin.

On August 5, 1986, Davis was charged with thirteen counts of theft and thirteen counts of breach of fiduciary duty. All fiduciary duty counts and eight theft counts were dismissed prior to trial. A jury trial was held in February of 1988 on the remaining five counts of theft, and Davis was convicted on four counts. The

---

1. The Honorable Floyd R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, is sitting by designation.

Illinois Court of Appeals reversed the conviction based on the court's ruling that a breach of an obligor/obligee relationship does not support a charge of theft under Illinois law.[2] On March 1, 1990, Davis filed a ten count complaint in district court against the Bank and Owens alleging (1) a Section 1983 conspiracy claim against the Bank, the State Attorney's Office and Owens, (2) a Section 1983 claim against the Bank and Owens for malicious prosecution, (3) a *Bivens* claim and common law claims against the Bank for malicious prosecution, false arrest, defamation and false light, and (4) common law malicious prosecution and false arrest claims against Owens.

After the filing of a second amended complaint, both the Bank and Owens filed motions to dismiss. The court dismissed the common law malicious prosecution and false arrest claims based upon Eleventh Amendment immunity, but would not dismiss the § 1983 conspiracy and malicious prosecution claims based upon qualified immunity. Owens appeals the district court's denial of his motion to dismiss.

## II. DISCUSSION

### A. Standard of Review

This circuit has enunciated two standards of review concerning a district court's denial of qualified immunity. In *Simkunas v. Tardi,* the court held the question of qualified immunity "requires a legal determination by the district court, ... and, as such, is subject to *de novo* review on appeal." 930 F.2d 1287, 1291 (7th Cir.1991) (citations omitted). The parties, however, assert that this court reviews a district court's denial of qualified immunity under the clearly erroneous standard enunciated in *Hughes v. Meyer,* 880 F.2d 967, 969 (7th Cir.1989), *cert. denied,* 495 U.S. 931, 110 S.Ct. 2172, 109 L.Ed.2d 501 (1990). We do not endeavor to resolve this issue because our decision would be the same under either standard of review.

### B. Qualified Immunity

■ Public officials "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The test is an objective one, requiring that "the plaintiff ... demonstrate that a reasonable official, confronted with the specific facts at issue and the law in effect at the time, would have known that his conduct violated the plaintiff's constitutional rights." *Schertz v. Waupaca County,* 875 F.2d 578, 583 (7th Cir.1989) (citations omitted).

■ The Supreme Court has extended qualified immunity to police officers exercising discretionary authority if their actions meet the "objective reasonableness" standard set forth in *Harlow. See Malley v. Briggs,* 475 U.S. 335, 343–44, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986). Thus, the relevant inquiry is whether a reasonable officer could have believed his actions were constitutional "in light of clearly established law and the information [he] possessed" at the time he took official action. *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987). Because the inquiry is purely an objective one, an officer's subjective intent and beliefs are irrelevant. *Polenz v. Parrott,* 883 F.2d 551, 554 (7th Cir.1989).

Owens argues the court erred in failing to dismiss the § 1983 conspiracy and false arrest claims based upon qualified immunity. He argues a reasonable officer acting under the same facts or circumstances would have investigated the matter and supplied the same information to the State's Attorney's Office; his actions in no way violated Davis' statutory or constitutional rights.

Davis argues the district court properly rejected Owens' claim of qualified immunity because Owens' actions did not meet the test of "objective reasonableness." Davis first argues Owens did not act as a reasonable officer in investigating the matter because Owens recklessly failed to uncover

**2.** *People v. Davis,* 189 Ill.App.3d 815, 137 Ill.Dec. 121, 545 N.E.2d 774 (3rd Dist., 1989).

exculpatory information. Second, Owens did not act reasonably in submitting false information in an affidavit to the State's Attorney. Finally, Davis argues Owens violated his constitutional rights by falsely and maliciously initiating the prosecution when it was clear that Davis had committed no crime under Illinois law.

 We reject Davis' analysis for several reasons. First, a reasonable police officer, finding evidence of thirteen instances of policies that were not issued in a five year period, would not have known that his actions in submitting an affidavit attesting to those facts to a State's Attorney would violate Davis' constitutional rights. It is not the police officer's duty to make legal conclusions; [3] the prosecutor makes the legal decision whether to charge a suspect with a crime. *See Williams v. Kobel*, 789 F.2d 463, 468 (7th Cir.1986). Owens could not have known that the Illinois Court of Appeals would later hold that Davis' breach of a fiduciary relationship could not form the basis of a criminal complaint. At best, Davis has argued nothing more than inefficient police work; however, inefficient police work does not give rise to a constitutional claim. Second, Owens was not statutorily or constitutionally obligated to uncover every piece of exculpatory information during his investigation. *See Schertz*, 875 F.2d at 583 ("[I]t appears that once police officers have discovered sufficient facts to establish probable cause, they have no constitutional obligation to conduct any further investigation in hopes of uncovering potentially exculpatory evidence."). Third, Davis presented no evidence that Owens "falsely or maliciously" initiated the prosecution. Poncin referred the matter to Owens for investigation, charged Davis based on the results of the investigation, and initiated the prosecution by filing the criminal complaint against Davis; Owens acted merely as an investigator assigned to the case. Finally, we note the district court incorrectly focused on the subjective intent of Owens in finding he was not entitled to immunity. It is well settled that subjective intent is irrelevant; "[t]he relevant issue is the objective (albeit fact-specific) question whether a reasonable officer could have believed [Owens'] actions were lawful in light of the law in effect at the time and the information he possessed." *Lowrance v. Pflueger*, 878 F.2d 1014, 1020 n. 6 (7th Cir.1989).

Under the objective analysis set forth in *Harlow*, we hold Owens is entitled to qualified immunity. In conducting the investigation, Owens was performing his official duty as an officer of the Illinois Department of State Police and his actions did not implicate Davis' statutory or constitutional rights.

## III. CONCLUSION

For the foregoing reasons, we reverse the district court's denial of qualified immunity.

REVERSED.

---

**3.** *See Saldana v. Garza*, 684 F.2d 1159, 1165 (5th Cir.1982) (law enforcement officers cannot be held to "a legal scholar's expertise in constitu-

tional law."), *cert. denied*, 460 U.S. 1012, 103 S.Ct. 1253, 75 L.Ed.2d 481 (1983).