Jerald DAVIS, Plaintiff–Appellant,

v.

UNION NATIONAL BANK and William Owens, Individually, Defendants–Appellees.

No. 94–1813.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 5, 1994.

Decided Dec. 28, 1994.

**25**

but at most breached his contractual relationship with the Bank. *People v. Davis,* 189 Ill.App.3d 815, 137 Ill.Dec. 121, 545 N.E.2d 774 (3d Dist.1989).

Davis then brought this action in federal court for malicious prosecution against the Bank and against Illinois criminal investigator William Owens. Davis alleges that the Bank was responsible for the missing insurance and that the Bank set in motion his criminal prosecution in order to shift to Davis both the public perception of liability and, potentially, the actual legal liability for the insurance. The District Court *dismissed* the claim against Owens on grounds of qualified immunity, and this court *affirmed.* The District Court then granted the Bank's motion for summary judgment, and Davis appealed.

■ Section 1983 provides a cause of action for individuals whose constitutional rights are denied to them "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. To state a § 1983 claim against a private actor, plaintiffs must show that the defendant invoked state authority in such a way that the defendant should be considered a state actor. Davis disputes the District Court's ruling that in a cause of action for malicious prosecution under § 1983, Davis must come forward with evidence from which a jury could infer a conspiracy between the private Bank and state officials. Davis argues that this court's precedents finding a conspiracy necessary are inconsistent with Supreme Court cases in which plaintiffs recovered under § 1983 without pleading or proving a conspiracy. Unfortunately, Davis overlooks the Supreme Court's own acknowledgement that the test for state action under § 1983 will vary by factual context:

> Action by a private party pursuant to this statute, without something more, was not sufficient to justify a characterization of that party as a "state actor." ... [T]hat "something more" which would convert the private party into a state actor might vary with the circumstances.... [T]he Court

---

**25**

John H. Bisbee (argued), Macomb, IL, for plaintiff-appellant.

Lawrence J. Kwacala, Patrick Murphy, Flack, McRaven & Stephens, Macomb, IL, Karen L. Kendall, Bradford B. Ingram, David A. Perkins (argued), Craig L. Unrath, Heyl, Royster, Voelker & Allen, Peoria, IL, and Terence J. Corrigan, Asst. Atty. Gen., Office of the Atty. Gen., Crim. Appeals Div., Springfield, IL, for defendants-appellees.

Before POSNER, Chief Judge, and ENGEL * and EASTERBROOK, Circuit Judges.

ENGEL, Circuit Judge.

The sole issue in this appeal is whether plaintiffs must plead a conspiracy between private and state actors to state a cause of action for malicious prosecution against private parties under 42 U.S.C. § 1983. This Circuit has in the past uniformly required such a pleading, and because we find this requirement supported by reason as well as precedent, we affirm the dismissal of plaintiff's case for failure to plead a conspiracy.

The plaintiff in this case, Jerald Davis, was an insurance agent responsible for securing coverage offered by the Union National Bank ("Bank") to its loan customers. In 1985, the Bank discovered thirteen instances of customers paying premiums, but never receiving insurance. The Bank contacted the Illinois state's attorney and informed him that Davis may have committed theft of the premiums. Davis was convicted of theft in a jury trial in 1988. The Illinois appellate court then held that his actions did not constitute any crime,

* Honorable Albert J. Engel, of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

but at most breached his contractual relationship with the Bank. *People v. Davis,* 189 Ill.App.3d 815, 137 Ill.Dec. 121, 545 N.E.2d 774 (3d Dist.1989).

Davis then brought this action in federal court for malicious prosecution against the Bank and against Illinois criminal investigator William Owens. Davis alleges that the Bank was responsible for the missing insurance and that the Bank set in motion his criminal prosecution in order to shift to Davis both the public perception of liability and, potentially, the actual legal liability for the insurance. The District Court *dismissed* the claim against Owens on grounds of qualified immunity, and this court *affirmed.* The District Court then granted the Bank's motion for summary judgment, and Davis appealed.

■ Section 1983 provides a cause of action for individuals whose constitutional rights are denied to them "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. To state a § 1983 claim against a private actor, plaintiffs must show that the defendant invoked state authority in such a way that the defendant should be considered a state actor. Davis disputes the District Court's ruling that in a cause of action for malicious prosecution under § 1983, Davis must come forward with evidence from which a jury could infer a conspiracy between the private Bank and state officials. Davis argues that this court's precedents finding a conspiracy necessary are inconsistent with Supreme Court cases in which plaintiffs recovered under § 1983 without pleading or proving a conspiracy. Unfortunately, Davis overlooks the Supreme Court's own acknowledgement that the test for state action under § 1983 will vary by factual context:

> Action by a private party pursuant to this statute, without something more, was not sufficient to justify a characterization of that party as a "state actor." ... [T]hat "something more" which would convert the private party into a state actor might vary with the circumstances.... [T]he Court

designation.

has articulated a number of different factors or tests in different contexts: *e.g.,* the "public function" test, see *Terry v. Adams,* 345 U.S. 461 [73 S.Ct. 809, 97 L.Ed. 1152] (1953); *Marsh v. Alabama,* 326 U.S. 501 [66 S.Ct. 276, 90 L.Ed. 265] (1946); the "state compulsion" test, see *Adickes v. S.H. Kress & Co.,* 398 U.S. [144] at 170 [90 S.Ct. 1598, 1615, 26 L.Ed.2d 142 (1970)]; the "nexus" test, see *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345 [95 S.Ct. 449, 42 L.Ed.2d 477] (1974); *Burton v. Wilmington Parking Authority,* 365 U.S. 715 [81 S.Ct. 856, 6 L.Ed.2d 45] (1961); and, in the case of prejudgment attachments, a "joint action test," *Flagg Brothers [v. Brooks* ], 436 U.S. [149], at 157 [98 S.Ct. 1729, 1734, 56 L.Ed.2d 185 (1978)].

*Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 939, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1981).

While the Supreme Court has not established a test for finding state action in a malicious prosecution case, this court has. *See Gramenos v. Jewel Co., Inc.,* 797 F.2d 432 (7th Cir.1986), *cert. denied,* 481 U.S. 1028, 107 S.Ct. 1952, 95 L.Ed.2d 525 (1987); *Moore v. Marketplace Restaurant, Inc.,* 754 F.2d 1336 (7th Cir.1985); *Butler v. Goldblatt Bros., Inc.,* 589 F.2d 323, 326–27 (7th Cir. 1978), *cert. denied,* 444 U.S. 841, 100 S.Ct. 82, 62 L.Ed.2d 53 (1979); *see also Arnold v. International Business Machines,* 637 F.2d 1350 (9th Cir.1981). In *Gramenos,* we explained: "Although private parties call on the aid of state law 'without the grounds to do so', when the private decision may 'in no way be attributed to a state rule or a state decision' ..., the private parties are not state actors.... [If a complainant] is operating independently, his conduct is judged under the state tort law (false arrest, malicious prosecution, slander, and the like) rather than the fourth amendment." 797 F.2d at 435–36. Prosecution inevitably involves the state, but not every tort action for malicious prosecution states a claim under § 1983. The private actor must wrongfully influence the state's decision to prosecute through a conspiracy, or else the plaintiff must seek his remedy in a state tort claim, not a federal § 1983 suit.

 Davis, in attempting to allege a conspiracy, notes that one of the state officials eventually applied for and received a loan from the Bank. One isolated transaction in the ordinary course of business, standing alone, does not offer sufficient evidence for a jury to infer the existence of a conspiracy. At most, the facts Davis alleges could be taken to suggest that the Bank gave the officers misleading or false information, but such behavior does not indicate wrongful state action.

We hold, once again, that plaintiffs must plead and offer sufficient evidence to support a conspiracy between private and public actors in order to state a claim under § 1983 against the private party for malicious prosecution. Because Davis has failed to offer any evidence suggestive of a conspiracy, the district court's judgment of dismissal is AFFIRMED.