69 F.3d 540
 24 Media L. Rep. 1030
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jerry WILSON, Plaintiff-Appellant,
v.
"HARDCOPY," et al., Defendants-Appellants.
 No. 94-2939.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1995.*
Decided Oct. 23, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Jerry Wilson is a preacher who was convicted of attempting to murder his ex-lover's husband. Wilson, who is serving a 100-year sentence in an Indiana state prison, brought this suit pro se under 42 U.S.C. Sec. 1983 against the television program "Hardcopy" and several of its producers and anchors. Wilson contends that the defendants violated his constitutional rights by broadcasting an allegedly defamatory story concerning his crime. The district court dismissed his suit for failure to state a claim.
 
 
 2
 The "Hardcopy" story is an approximately 10-minute piece that originally aired on October 22, 1991.[1] The story purports to "reenact" the crime, describing Wilson's affair with his church secretary, the secretary's decision to leave him and return to her husband, and Wilson's attempt to gain revenge by planting an explosive device under the husband's car. Wilson believes that the defendants violated his constitutional rights by misrepresenting the incident.
 
 I. Appointment of Counsel
 
 3
 First, Wilson argues that the district court erred by refusing to appoint an attorney to represent him. The district court declined to appoint counsel, stating that Wilson's "motion [for appointment of counsel] does not demonstrate that he has diligently tried to seek counsel on his own." R. 19, Order. The court stated further that "Wilson may renew his motion upon making a showing of such diligence." Id. Wilson never filed a renewed motion.
 
 
 4
 A civil litigant in federal court has no constitutional or statutory right to counsel. Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.), cert. denied, 114 S.Ct. 438 (1993). However, the district court is authorized to appoint counsel in certain circumstances. See id.; 28 U.S.C. Sec. 1915(d). As a threshold matter, a pro se civil litigant who desires to have counsel appointed must demonstrate either that he "has made reasonable efforts to retain counsel and was unsuccessful ... or that ... [he] was effectively precluded from making such efforts." Jackson v. McLean, 953 F.2d 1070, 1073 (7th Cir.1992); see also Vanskike v. Peters, 974 F.2d 806, 813 n. 7 (7th Cir.1992), cert. denied, 113 S.Ct. 1303 (1993). The district court concluded that Wilson had not made reasonable efforts to obtain counsel, and Wilson presents no evidence that he did in fact make such efforts. Thus, the district court did not err by declining to appoint counsel.
 
 II. State Action Under Sec. 1983
 
 5
 Wilson claims that the defendants violated his First, Sixth, Eighth, and Fourteenth Amendment rights by airing the story. R. 14, Amended Complaint at 6. The Amended Complaint states that it is a "complaint under the Civil Rights Act, 42 U.S.C. Sec. 1983." Id. at 1. The defendants argue, however, that the complaint fails to state a claim cognizable under Sec. 1983.
 
 
 6
 To state a claim under Sec. 1983, a plaintiff must allege state action--he must claim that the defendants acted "under color of state law to deprive [him] of his rights." Crane v. Logli, 992 F.2d 136, 138 (7th Cir.), cert. denied, 114 S.Ct. 245 (1993); see also Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Neither "Hardcopy" nor its producers are state officials. Private parties may be liable under Sec. 1983 if they conspire with state officials, see Davis v. Union National Bank, 46 F.3d 24, 25 (7th Cir.1994), cert. denied, 115 S.Ct. 1696 (1995), or make "extensive use of state procedures with 'the overt, significant assistance of state officials.' " Apostol v. Landau, 957 F.2d 339, 343 (7th Cir.1992), quoting Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 486 (1988). However, Wilson does not claim that the defendants conspired with state officials or made use of state procedures. Thus, Wilson has not satisfied the state action requirement, so his complaint fails to state a claim under Sec. 1983.[2]
 
 III. Conclusion
 
 7
 Wilson's complaint fails to state a claim under Sec. 1983, and the district court's decision not to appoint counsel was proper. Thus, the judgment of the district court dismissing Wilson's Sec. 1983 suit is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The record does not reveal whether the story was ever rebroadcast. The district court entered an order staying discovery pending its decision on the defendants' motion to dismiss, R. 21 (Order Staying Discovery); thus Wilson was not able to conduct discovery on this question. The dates of subsequent broadcasts may be relevant to whether Wilson's claim is barred by the statute of limitations. However, because we hold that Wilson's complaint fails to state a claim under Sec. 1983 regardless of whether the limitations period has run, see infra, we need not address his claim that the order staying discovery was improperly granted
 
 
 [2]
 Wilson's pro se complaint could be read to include state law defamation claims in addition to his constitutional claims. However, because Wilson failed to state a claim under Sec. 1983, the district court had no duty to exercise supplemental jurisdiction over any state law defamation claims that he may have raised. See Alonzi v. Budget Const. Co., 55 F.3d 331, 334 (7th Cir.1995); 28 U.S.C. Sec. 1367(c)(3). Finally, we do not have jurisdiction based on diversity of citizenship over any state law claims that Wilson may have raised. Wilson does not claim diversity jurisdiction, nor does he state the citizenship of the defendants in his pleadings. The complaint must "allege the citizenship of the parties" for diversity jurisdiction to exist. Hammes v. AAMCO Transmissions, Inc., 33 F.3d 774, 778 (7th Cir.1994)