**Roland S. WEAVER, Plaintiff,**

**v.**

**Dennis BOYLES; Shawnee County Commissioners; Encenio Sapata, et al.; James Welch, et al.; Carla Stovall, Attorney General of Kansas; Edsall's Auto Service; E.J. Edsall's, Inc; Topeka Environmental Code Services; Kansas Department of Health and Environment, Defendants.**

**No. 99–4194–SAC.**

United States District Court,
D. Kansas.

Feb. 21, 2001.

fected R.S. 2477 right-of-way. *See, e.g., id.* at 537–38, 267 P. 196.

Roland S. Weaver, Topeka, KS, pro se.

Mary B. Mudrick, Office of City Atty., Topeka, KS, David D. Plinsky, Office of U.S. Atty., Topeka, KS, David L. Harder, Office of Atty. General, Topeka, KS, Richard V. Eckert, Office of Shawnee County Counselor, Topeka, KS, M.J. Willoughby, Office of Atty. General, Topeka, KS, for Defendants.

Ronald W. Fairchild, J. Phillip Gragson, Shon Qualseth, Topeka, KS, for Edsall's Auto Service.

Debra A. Haimowitz, Kansas Dept. of Health and Environment-Legal Services, Topeka, KS, for Kansas Dept. of Health and Environment, Clyde D. Graeber.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the following motions: the defendant Topeka Environmental Code Services' motion to drop it as a party pursuant to Fed.R.Civ.P. 21 (Dk.11); the defendant Dennis Boyles' motion to dismiss (Dk.19) the plaintiff's complaint, and motion to dismiss (Dk.55) the amended complaint; the defendant James Welch's motion to dismiss (Dk.25) the plaintiff's complaint, motion to dismiss (Dk.57) the amended complaint, and motion for sanctions (Dk.88); the defendant Edsall Auto Service's motion to dismiss

(Dk.37); the defendants Kansas Department of Health and Environment's (KDHE's)and Clyde D. Graeber's motion to dismiss (Dk.54); the defendant Board of County Commissioners' of the County of Shawnee, Kansas motion to dismiss (Dk.75); the plaintiff's motion for change of address and service upon the defendant Encenio Sapata (Dk.92); and the plaintiff's motion for leave to file a second amended complaint (Dk.96). The plaintiff has responded separately and frequently to the defendants' motions but without directly addressing, in most instances, the serious and substantive legal issues raised in the memoranda.

## NATURE OF PROCEEDING

Appearing *pro se* and filing *in forma pauperis,* the plaintiff Roland Weaver brought this action on December 23, 1999, against "Dennis Boyles, et al.; Shawnee County, et al.; Encenio Sapata, et al.; James Welch, et al.; Edsalls Auto Service and EJ Edsalls Inc.; Topeka, Kansas and Topeka Environmental Code Services; Jim Welch; and Shawnee County Commission." (Dk.1). The plaintiff denotes in his complaint that the court's jurisdiction arises from the civil rights statute of 28 U.S.C. § 1343. The plaintiff adds that jurisdiction is also grounded on "a collusion to a community conspiracy to 'legally' theft vintage autos from private posted property 'with' intent. . . ." This latter assertion offers no independent ground for federal court jurisdiction. For his statement of claim, the plaintiff appears to allege that the defendants unlawfully seized five autos. The plaintiff seeks over $240,000 in relief.

On May 18, 2000, the plaintiff filed an amended complaint "to include the Rest and Residue, of the additional parties." (Dk.51). The amended complaint purports to name fifteen additional parties and includes the following:

The above are just a small part of those, that were direct or indirect parties, allowing intimidation, and Social Abuse, of the aged and handicapped, and wither were participants, or stood idly and allowed, public degradation, harassment retaliation, and coercion of the deaf, and multiply handicapped K.N.G. Veteran, and supported the "collateral attack" against him and his property; and need be served as part—of the defendants."

(Dk.51, p. 2). The plaintiff concludes with the following paragraph:

Plaintiff, states the above has been entered in "good faith," and without malice, regarding any and all of the above, stating, that he has not been afforded, due process, nor equal access to the Kansas courts, and that over 700 Days, feels, Justice, has been "impeded" regarding, his property, which has been "denied" him its use, and possession, based on a "hearsay" search & seizure warrant—with intent to escheat and accomplish a "Collateral Attack" against the multiply handicapped K.N.G. Veteran with intent.

(Dk.51, p. 3).

## STATEMENT OF FACTS

As reflected in the different pleadings and attached exhibits, this action can be traced back to the City of Topeka's efforts to abate a nuisance existing on property occupied by Roland Weaver and located at 2425 SE Illinois Street, Topeka, Kansas. Acting on a private citizen's complaint, a city inspector observed five inoperable cars in Weaver's yard constituting a nuisance. The inspector notified Weaver of the nuisance, the need to abate it within twenty-five days, and his right to appeal or seek a hearing. Weaver apparently did not appeal the notice of abatement or seek a hearing. More than five months after the notice was given, the city inspector again checked Weaver's property and

found the nuisance had not been abated. City officials then obtained a warrant from the District Court of Shawnee County, Kansas, that authorized city employees to enter the Weaver's property and to seize and properly dispose of the following items: "brown Plymouth Duster, gray AMC vehicle, blue Dodge station wagon, gray Dodge Charger, green AMC vehicle." The warrant was executed and the autos were stored pending an auction. Before the cars were auctioned, the plaintiff initiated a series of lawsuits in response.

First, Weaver filed suit in Shawnee County District Court against, *inter alia,* Dennis Boyles, the city inspector who took these actions; the City of Topeka; E.J. Edsall Auto Service, Inc., the towing company used by the City to remove Weaver's cars; the Attorney General of Kansas; and Shawnee County Health Agency. Among his claims were a conspiracy to deprive him of his classic cars in violation of 42 U.S.C. § 1983 and a violation of his Fourth Amendment rights by seizing his cars pursuant to an invalid warrant. Shawnee County District Court Judge Leuenberger dismissed the Attorney General of Kansas and the Shawnee County Health Agency for failure to state a claim on which relief could be granted. Judge Leuenberger later granted summary judgment for the other defendants finding no violation of any Fourth Amendment rights and the § 1983 claim to be frivolous. Weaver filed a notice of appeal on March 31, 1999. The district court filed an order on February 16, 2000, granting the defendants' motion to dismiss this appeal for failure to docket the appeal in accordance with Kansas Supreme Court rules.

Second, Weaver filed another suit in Shawnee County District Court naming the attorney for the City of Topeka who successfully defended the City in the prior suit. Judge Bullock dismissed this action for lack of service, for alleging claims already decided in the prior suit, and for failing to allege a sufficient malicious prosecution claim. The plaintiff appealed this decision, and this decision was affirmed on appeal.

Third, Weaver turned to federal court and filed an action on April 15, 2000, against the Attorney General of Kansas and Shawnee County District Court Judges Leuenberger and Bullock. This federal action was dismissed by an order filed September 15, 1999, which stated in relevant part:

> Plaintiff seeks damages arising from seizure of certain vehicles he owned by the City of Topeka. The seizure of these vehicles has been the subject of litigation in state court. This litigation was handled by Judges Bullock and Leuenberger. . . .
>
> . . . For a variety of reasons, the court must dismiss the claims against these defendants. First, plaintiff's claims for damages against these defendants are barred by the Eleventh Amendment to the United States Constitution. . . . Second, plaintiff has failed to state a claim against these defendants upon which relief can be granted. . . .
>
> Finally, plaintiff's claims are barred by the Rooker–Feldman doctrine because plaintiff is seeking review of final judgments of a state court.

*Weaver v. Stovall,* No. 99–4052–RDR, 1999 WL 803152, at *1 (D.Kan. Sept. 15, 1999). Judge Rogers also dismissed the two state court judges because the action was barred by judicial immunity and the *Rooker–Feldman* doctrine. *Id.* Weaver appealed this decision to the Tenth Circuit which affirmed the dismissal "for substantially the same reasons as stated in the district court's" order. *Weaver v. Stovall,* 229 F.3d 1165, 2000 WL 1179784 (10th Cir. Aug. 21, 2000) (Table).

**ENVIRONMENTAL CODE SERVICES' MOTION TO DROP (DK.11).**

█ "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. The Environmental Code Services is a division of the Housing and Neighborhood Department of the City of Topeka. Under Fed.R.Civ.P. 17(b), a city's agency capacity to be sued is determined by state law. "'Absent authority expressly given by statute or ordinance, an agency of a city does not have the capacity to sue or to be sued as a separate entity; the city is a necessary and indispensable party to any action filed either by or against the agency.'" *City of Olathe v. Board of Zoning Appeals,* 10 Kan.App.2d 218, 220, 696 P.2d 409 (1985) (quoting *Murphy v. City of Topeka,* 6 Kan. App.2d 488, 491, 630 P.2d 186 (1981)). The defendant's brief represents that there are no state statutes or city ordinances authorizing the Environmental Code Services to sue or to be sued. The plaintiff offers no citation or meaningful arguments opposing this representation or the conclusion to be drawn from it. The court concludes that Environmental Code Services should be dropped as a party, as the City of Topeka is the necessary and indispensable party to this action. The defendant's motion is granted.

**MOTIONS TO DISMISS BY DENNIS BOYLES (Dks. 19 and 55), BY JAMES WELCH (Dks. 25 and 57), BY EDSALL AUTO SERVICE (Dk.37), and BY THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE (Dk.75).**

Each of these named defendants seek dismissal arguing, *inter alia,* that this action is barred by the *Rooker–Feldman* doctrine and by principles of res judicata and collateral estoppel. The defendants contend the plaintiff essentially seeks to have this court review the state court decision denying him relief on the very same claims now pursued in federal court. Because the *Rooker–Feldman* challenge goes to jurisdiction, it is the court's "first duty" to decide whether it has "jurisdiction to entertain and decide a case on its merits." *Thompson v. United States,* 291 F.2d 67, 68 (10th Cir.1961); *see Snodderly v. Kansas,* 79 F.Supp.2d 1241, 1247 (D.Kan.1999).

█ "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. *See Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir.1992), *cert. denied,* 507 U.S. 940, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993). "At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon,* 935 F.2d at 1110; *see Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir.1991) ("Despite liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir.1997).

*ROOKER–FELDMAN DOCTRINE*

█ A federal court may exercise jurisdiction only when specifically authorized to do so. *Castaneda v. I.N.S.,* 23 F.3d 1576, 1580 (10th Cir.1994). Rule 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. As the party seeking to invoke this court's jurisdiction, the plaintiff bears the burden of establishing that the district court has subject mat-

ter jurisdiction of his claims. *See Henry v. Office of Thrift Supervision,* 43 F.3d 507, 512 (10th Cir.1994).

■ Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction to review state court judgments. *Facio v. Jones,* 929 F.2d 541, 544 (10th Cir. 1991); *Anderson v. State of Colorado,* 793 F.2d 262, 264 (10th Cir.1986) (noting that federal district courts do not have jurisdiction to review final state court judgments in judicial proceedings). "The *Rooker–Feldman* doctrine bars 'a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Kiowa Indian Tribe of Oklahoma v. Hoover,* 150 F.3d 1163, 1169 (10th Cir.1998) (quoting *Johnson v. De Grandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)); *see also Van Sickle v. Holloway,* 791 F.2d 1431, 1436 (10th Cir.1986) ("Federal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." (quotation omitted)).

■ *Rooker–Feldman* bars not only cases seeking direct review of state court decisions, but it also bars cases that are "inextricably intertwined" with a prior state court decision. *Hoover,* 150 F.3d at 1169. "[I]f the purpose of a federal action is separable from and collateral to a state court judgment, then the claim is not inextricably intertwined merely because the action necessitates some consideration of the merits of the state court judgment." *Id.* at 1170 (internal quotation marks omitted). On the other hand, if adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void,

the claim is inextricably intertwined with the merits of the state court judgment. *See Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 202 (4th Cir.1997), *cert. denied,* 522 U.S. 1077, 118 S.Ct. 856, 139 L.Ed.2d 756 (1998). "[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils,* 82 F.3d 1362, 1365 (7th Cir.1996). "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir.1995) (internal quotation marks omitted).

The *Rooker–Feldman* doctrine recognizes circumstances when a federal court may hear a general challenge to state court rules if it does "not require review of a final state-court judgment in a particular case." *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206. The distinction between a permissible general challenge to rules and an impermissible appeal of a state court judgment often is subtle and "difficult to draw." *Razatos v. Colorado Supreme Court,* 746 F.2d 1429, 1433 (10th Cir.1984), *cert. denied,* 471 U.S. 1016, 105 S.Ct. 2019, 85 L.Ed.2d 301 (1985); *see Dubinka v. Judges of Superior Court,* 23 F.3d 218, 221 (9th Cir.1994). There are no bright dividing lines. *Ritter v. Ross,* 992 F.2d 750, 754 (7th Cir.1993), *cert. denied,* 510 U.S. 1046, 114 S.Ct. 694 (1994). It is a case-by-case determination focused principally on the question whether the district court is essentially " 'being called upon to review the state-court decision.'" *Fariello v. Campbell,* 860 F.Supp. 54, 65 (E.D.N.Y. 1994) (quoting *Feldman,* 460 U.S. at 483–84 n. 16, 103 S.Ct. 1303); *see Ritter,* 992 F.2d at 754 ("Do the constitutional claims, then, force a district court to assume ap-

pellate jurisdiction over the state court judgment?").

■ Though his complaint and amended complaint are difficult to understand, it does appear the plaintiff alleges, at least in part, that the state courts have wrongly denied him relief on his claims. In his amended complaint, the plaintiff alleges the Kansas courts have impeded the return of his property and have denied him the use and possession of his property. There is simply no way for a federal court to resolve these allegations in the plaintiff's favor without deciding first that the state court's decision was erroneous or void. To the extent that the plaintiff seeks this federal court to review and declare wrong those prior state court decisions that denied him relief on essentially these same claims challenging the seizure of his cars, this federal court lacks jurisdiction to grant such relief.

### RES JUDICATA

Pointing to the state district court's decision, the defendants seek dismissal contending the plaintiff's federal court claims are barred by res judicata. The federal "full faith and credit" statute is where the analysis begins:

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the court of such State ... from which they are taken.

28 U.S.C. § 1738. "Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the state courts from which they emerged." *Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir.1997) (citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)); *see also Migra v. Warren City*

*School Dist. Bd. of Educ.*, 465 U.S. 75, 80–85, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). In other words, the preclusive effect of a state-court decision in a § 1983 action filed in federal court is a matter of state law. *See Heck v. Humphrey*, 512 U.S. 477, 480 n. 2, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). "Section 1983 ... does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on ... state claims and then turn to federal court for adjudication of ... federal claims." *Migra*, 465 U.S. at 85, 104 S.Ct. 892. The preclusive effect will be denied when a party has not had a full and fair opportunity to litigate in state court, *i.e.*, was not accorded the minimum procedural due process rights under the Fourteenth Amendment. *Phelps v. Hamilton*, 122 F.3d 1309, 1318, 1322 (10th Cir. 1997). Thus, the court must decide first whether under Kansas law the Shawnee County District Court judgment would bar the plaintiff from bringing this civil rights action and, second whether the plaintiff had a full and fair opportunity to litigate his claims in state court.

■ Res judicata bars a second cause of action filed "upon the same claim, demand, or cause of action" in an effort to relitigate issues between the same parties. *In re Estate of Reed*, 236 Kan. 514, 519, 693 P.2d 1156 (1985). Four conditions must exist for res judicata to apply: "(1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made." *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 690, 751 P.2d 122 (1988). The Kansas Supreme Court has explained the operation of this doctrine in these terms:

> The rule is binding, not only as to every question actually presented, considered and decided, but also to every question

which might have been presented and decided. The doctrine of res judicata prevents the splitting of a single cause of action or claim into two or more suits; it requires that all the grounds or theories upon which a cause of action or claim is founded be asserted in one action or they will be barred in any subsequent action. This rule is one of public policy. It is to the interest of the state that there be an end to litigation and an end to the hardship on a party being vexed more than once for the same cause. The doctrine of res judicata is, therefore, to be given a liberal application but not applied so rigidly as to defeat the ends of justice.

*In re Estate of Reed*, 236 Kan. at 519, 693 P.2d 1156. In short, "[w]here the same facts, same parties, and same issues have previously been litigated before a court of competent jurisdiction, the doctrine of res judicata prevents a second assertion of the same claim." *Steele v. Guardianship and Conservatorship of Crist*, 251 Kan. 712, 720, 840 P.2d 1107 (1992).

■ The plaintiff contends the Shawnee County District Court never entered a final judgment on his claims, accuses the defendants and their counsel of exerting undue influence on the state court judge, and denies he received a full and fair opportunity to present his claims. The plaintiff makes no attempt to dispute the four identities required for res judicata. Both cases arise from the same set of circumstances, that is, the defendants' involvement in removing five automobiles from the plaintiff's property after the plaintiff failed to abate the nuisance. The plaintiff appears to assert the same claims

and seek the same relief as asserted and sought in the state court action. Though the plaintiff's conspiracy allegations appear to be burgeoning in his latest suit, nothing prevented him from asserting the same allegations in the earlier state court proceeding. The defendants Dennis Boyles and Edsall Auto Service here were named defendants in the state court action. The defendant City of Topeka is in privity to Dennis Boyles who was sued in his official capacity. The defendant James Welch sued here in his official capacity is in privity to the Attorney General who was sued in state court. The defendant Shawnee County was named in the state action and is the real party in interest for any action against the county health agency. The court finds the four identities to apply to these named defendants.

The Attorney General of Kansas also was a named defendant in the prior federal action, No. 99–4052–RDR, in which Mr. Weaver sued about the same seizure of his vehicles. Using the transactional approach followed in this circuit, *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir.1997), *cert. denied*, 523 U.S. 1064, 118 S.Ct. 1396, 140 L.Ed.2d 654 (1998), it is apparent the claims here are the same as the prior federal court action and that they arise from the same transaction and core of operative facts. Res judicata arising from the prior federal case likewise bars the plaintiff's action against James Welch in his official capacity.[1]

In Kansas, the law is that "where a court has jurisdiction of the parties to an action and of the subject matter thereof, and renders a judgment within its compe-

---

1. For that matter, the official capacity action against Welch is barred by Eleventh Amendment. *Weaver v. Stovall*, 229 F.3d 1165, 2000 WL 1179784 (10th Cir. Aug. 21, 2000) (Table). As for any individual capacity action against Welch, the plaintiff's complaint and memoranda fail to articulate any cognizable claim to overcome Welch's qualified immunity. The court does not understand any of the plaintiff's allegations to specify what action taken by Welch violated clearly established law. Vague and conclusory allegations of conspiracy do not suffice.

tency, such judgment is final and conclusive, unless corrected or modified on appeal." *Phelps v. Hamilton,* 122 F.3d at 1318. The Shawnee County District Court's decision states that it serves as the "Entry of Judgment, no further journal entry being required." Thus, judgment was entered when the state judge signed the decision and had it filed. *See Danes v. St. David's Episcopal Church,* 242 Kan. 822, 825, 752 P.2d 653 (1988). Though Weaver filed a notice of appeal in the state action, it was subsequently dismissed and no appeal is pending. The court finds no merit to the plaintiff's argument that the state court never entered final judgment on his claims.

The plaintiff's only other arguments against res judicata go to whether he received a full and fair opportunity to present his claims before the state court. "Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness or fairness of procedures followed in prior litigation." *Montana v. United States,* 440 U.S. 147, 164 n. 11, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). "In determining whether the state courts' judgments were fundamentally flawed, 'we may only examine whether the state proceedings satisfied the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause.'" *Phelps v. Hamilton,* 122 F.3d at 1322 (quoting *Kiowa Tribe of Okla. v. Lewis,* 777 F.2d 587, 591 (10th Cir.1985), *cert. denied,* 479 U.S. 872, 107 S.Ct. 247 (1986)). The plaintiff offers no evidence and points to nothing in the state proceedings to indicate he was denied a full and fair opportunity to litigate his claims. That the plaintiff lost in state court "is not evidence of bias on the part of the state court[ ]." *Phelps v. Hamilton,* 122 F.3d at 1323. The plaintiff's sweeping, conclusory, unsubstantiated and scurrilous accusations of a conspiracy to defraud the state court do not provide this federal court any viable "reason to doubt the quality, extensiveness, or fairness of procedures" used in state court. *Montana,* 440 U.S. at 164 n. 11, 99 S.Ct. 970. The record does not present the court with a basis for finding that the plaintiff was denied a full and fair opportunity to litigate his claims in state court.

## KDHE'S AND CLYDE D. GRAEBER'S MOTION TO DISMISS (Dk.54)

These defendants seek dismissal for insufficient service of process and failure to state a claim upon which relief can be granted. These defendants are among the "Rest and Residue, of ... additional parties" included in the plaintiff's amended complaint. (Dk.51). Other than listing this agency and its secretary as defendants, the plaintiff's amended complaint does not allege any actions taken or not taken by these defendants, or their involvement in or responsibility for the conduct of others, that would make them a party to this case. There are no factual allegations that would entitle the plaintiff to any relief from these defendants. Finding no arguable basis in law or fact for a claim against these defendants, the court dismisses the complaint against them as frivolous.[2]

## PLAINTIFF'S MOTION FOR CHANGE OF ADDRESS AND SERVICE UPON DEFENDANT ENCENIO SAPATA (Dk.92)

The court records reflect that service has never been obtained on this defendant

---

**2.** Because the plaintiff has alleged no basis in law or fact for them being liable to him in this action for the wrongful seizure of his autos, the court likewise dismisses as frivolous any claims against the defendants named in the following paragraphs of the plaintiff's amended complaint: one through four and eight through fifteen. This order dismisses the other defendants also named in the amended complaint on the grounds of the *Rooker–Feldman* doctrine and claim preclusion.

at the addresses provided by the plaintiff. The plaintiff now seeks service at a third address, because he has seen what he believes is the defendant's vehicle parked outside this residence. Once the *in forma pauperis* plaintiff has taken reasonable steps to identify the defendants named in the complaint, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants." *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996); *see Lindsey v. U.S. R.R. Retirement Bd.,* 101 F.3d 444, 446 (5th Cir.1996). Having twice authorized service at addresses furnished by the plaintiff, the court denies the plaintiff's request for service at a third address based on nothing more than the plaintiff's recognition of the defendant's vehicle at this address. (Dk.92).

The plaintiff states that Encenio Sapata is the person who telephoned the City of Topeka about a nuisance at 2425 S.E. Illinois complaining that there were "junk vehicles" in the driveway and backyard. It was uncontroverted in the state court proceeding that on the same day of the telephone complaint, city inspector Boyles went to 2425 S.E. Illinois, the plaintiff's property, and observed five inoperable vehicles. Based on his own observations, City Inspector Boyles determined there was a code violation, issued the Notices to Abate, and followed through with the proceedings that resulted in the seizure of the plaintiff's vehicles. On these undisputed facts, the plaintiff has no arguable basis in law or fact for bringing a 42 U.S.C. § 1983 action against the defendant Sapata.

"To state a cause of action under 42 U.S.C. § 1983 for an alleged violation of the Fourteenth Amendment and provisions of the Bill of Rights incorporated into the Fourteenth Amendment, the challenged conduct must constitute state action." *Scott v. Hern,* 216 F.3d 897, 906 (10th Cir.2000) (citations omitted). As it is based on the conduct of a private individual, the plaintiff's § 1983 claim against the defendant Sapata lacks state action unless Sapata's conduct is "fairly attributable to the state." *Id.* A private person does not engage in state action simply by furnishing information to state officers who make the independent decision to act thereon. *See, e.g., Scott v. Hern,* 216 F.3d at 907 (affiant in an involuntary commitment proceeding is not a state actor); *Pino v. Higgs,* 75 F.3d 1461, 1465–66 (10th Cir.1996) (private therapist in reporting activities that required a state official's response did not exercise a right or privilege or act under a rule of conduct created by state law); *Carey v. Continental Airlines, Inc.,* 823 F.2d 1402, 1404 (10th Cir.1987) (holding that complaining to a police officer about an individual's conduct does not constitute state action simply because the officer arrests that individual following questioning); *Benavidez v. Gunnell,* 722 F.2d 615, 618 (10th Cir.1983) (An individual does not act under color of law merely by reporting an alleged crime to police officers who take action thereon). In sum, the defendant Sapata did not act under color of state law in telephoning the City of Topeka and providing information about a nuisance on the plaintiff's property.

"The private actor must wrongfully influence the state's decision to prosecute through a conspiracy, or else the plaintiff must seek his remedy in a state tort claim, not a federal § 1983 suit." *Davis v. Union Nat. Bank,* 46 F.3d 24, 26 (7th Cir. 1994), *cert. denied,* 514 U.S. 1065, 115 S.Ct. 1696, 131 L.Ed.2d 560 (1995). " 'When a plaintiff in a § 1983 action attempts to assert the necessary "state action" by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and

concerted action.' " *Scott v. Hern,* 216 F.3d at 907 (quoting *Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir. 1983)). The plaintiff's complaints contain only conclusory allegations of a conspiracy and utterly fail to present any facts showing Sapata's role or involvement in a concerted action or agreement therein. Finding no arguable basis in law or fact for a 42 U.S.C. § 1983 claim against the defendant Sapata, the court dismisses the complaint as frivolous.

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (Dk.96).

The plaintiff's latest request to amend his complaint contains a dizzying array of citations and terse allegations that sheds no more light on what has already been alleged in this case and completely fails to cure the fatal deficiencies argued in the defendants' motions. What the latest proposal does add is more parties, all of whom appear either to be in privity with those parties being dismissed in this case on res judicata grounds or to be persons and entities that have no apparent involvement in the seizure of the plaintiff's five autos. The court is convinced it would be futile to permit the plaintiff to file this amended complaint or to seek other amendments after reading this order. The deficiencies with plaintiff's claims are incurable and fatal as a matter of law.

## JAMES WELCH'S MOTION FOR SANCTIONS (Dk.88)

Pursuant to Fed.R.Civ.P. 11(c)(2), the defendant seeks as sanctions an order either barring the plaintiff from filing *in forma pauperis* actions against the Kansas Attorney General or any of her employees or requiring the plaintiff to pay appropriate attorneys' fees or other monetary sanction. The defendant's motion raises several valid points about the plaintiff's litigious past; his tenacious, if not vexatious, pursuit of questionable litigation; and the friv-

olous nature of this lawsuit. While sharing some of the defendant's concerns, the court does not believe the plaintiff's conduct in this case warrants imposing sanctions at this time. It does, however, justify a serious admonition to the plaintiff that further efforts to litigate these same claims will likely result in extended Rule 11 proceedings and the possibility of court-imposed conditions upon the plaintiff's filing of future lawsuits or other appropriate sanctions.

IT IS THEREFORE ORDERED that the defendant Topeka Environmental Code Services' motion to drop it as a party pursuant to Fed.R.Civ.P. 21 (Dk.11) is granted;

IT IS FURTHER ORDERED that the defendant Dennis Boyles' motion to dismiss (Dk.19) the plaintiff's complaint, and motion to dismiss (Dk.55) the amended complaint are granted on the grounds stated above;

IT IS FURTHER ORDERED that the defendant James Welch's motion to dismiss (Dk.25) the plaintiff's complaint, and motion to dismiss (Dk.57) the amended complaint are granted on the grounds stated above, and Welch's motion for sanctions (Dk.88) is denied;

IT IS FURTHER ORDERED that the defendant Edsall Auto Service's motion to dismiss (Dk.37) is granted on the grounds stated above;

IT IS FURTHER ORDERED that the defendants Kansas Department of Health and Environment's (KDHE's) and Clyde D. Graeber's motion to dismiss (Dk.54) is granted on the grounds stated above;

IT IS FURTHER ORDERED that the defendant Board of County Commissioners' of the County of Shawnee, Kansas motion to dismiss (Dk.75) is granted on the grounds stated above;

IT IS FURTHER ORDERED that the plaintiff's motion for change of address and service upon the defendant Encenio Sapata (Dk.92) and the plaintiff's motion for leave to file a second amended complaint (Dk.96) are denied.