**Leroy LOGAN, Plaintiff–Appellant,**

v.

**Marc LATERZO, et al., Defendants–Appellees.**

**No. 00–3687.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2001.*

Decided Nov. 21, 2001.

Rehearing and Rehearing En Banc Denied Dec. 28, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

### ORDER

Indiana prisoner Leroy Logan appeals from district court orders dismissing his claims against two prosecutors and granting summary judgment to four public defenders, all of whom he sued under 42 U.S.C. § 1983. Logan alleged that he had been falsely arrested and imprisoned, and that the defendants conspired to deprive him of his Sixth Amendment right to a speedy trial in order to conceal the falsity of his arrest. Absolute prosecutorial immunity and an absence of evidence, however, doom Logan's suit. We therefore affirm.

According to Logan's complaint, the foundation for the conspiracy against him was laid on October 4, 1995, when he was arrested in Lake County, Indiana by a police officer whose former partner Logan had successfully sued. Logan claims this arrest was without a warrant or probable cause, but he was charged with the armed robbery of a pharmacy the next day. Eleven days later, he was charged with the armed robbery of a McDonald's. Within the next month, he was charged with two more armed robberies.

Public defender Angela Bryant initially represented Logan in these matters, and Julie Cantrell prosecuted. After several months of pre-trial discovery the trial court allowed Bryant to withdraw from the case and appointed public defender Stanley Jablonski. Jablonski asked for a continuance of the trial date and filed a motion for a competency hearing. Court-appointed doctors examined Logan, and after a hearing the court found him incompetent to stand trial. Logan spent the next three months in the care of the Indiana Department of Mental Health. When Logan regained competence, public defender Marc Laterzo took over his defense and Clare Bradley began prosecuting. Finally, almost twenty months after he was charged, a jury convicted Logan of the McDonald's armed robbery. About three months later, the state dismissed the remaining charges.

Logan then sued his public defenders and prosecutors under § 1983, contending that they conspired to deprive him of his Sixth Amendment right to a speedy trial on the pharmacy robbery charge. Logan alleged that because of the conspiracy, the state did not dismiss the pharmacy robbery charge until 703 days after his initial detention. In addition, he claimed that the defendants furthered the conspiracy when his defense attorneys shared "paper work"

with the prosecuting attorneys, and when prosecutor Cantrell delayed his trial, asserting that the State wished to present two videotapes of the pharmacy robbery. These tapes never materialized and, according to Logan, the prosecutor lied about their existence. The alleged conspiracy culminated in the dismissal of the pharmacy robbery charge, which Logan believes prevented him from revealing the hollowness of the allegations.

The district court granted prosecutors Cantrell and Bradley's motion to dismiss based on their absolute prosecutorial immunity and, after additional discovery, the court granted the remaining defendants' motion for summary judgment under Fed. R. Civ. Pro. 56. In ruling on the summary judgment motion, the court first noted that Logan could not challenge his pre-trial detention for the McDonald's robbery because a civil judgment establishing that his speedy trial rights had been violated in connection with that charge would necessarily imply the invalidity of his ultimate conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). It then reasoned that, because Logan was detained for the McDonald's robbery eleven days after his initial detention, Logan could complain only of those first eleven days during which he was held solely on the later-dismissed pharmacy robbery charge. And pre-trial detention for a mere eleven days, the court concluded, could not support either a conspiracy claim or a denial of speedy trial rights claim. Logan appeals.

■ We first affirm the dismissal of Logan's claims against the prosecutors. Logan's only accusation against prosecutors Cantrell and Bradley is that they delayed his trial by misrepresenting to the state trial court the existence of crime-scene videotape. Even if the evidence in the record supported this claim (which it does not), and even if Logan could prove the misrepresentation had a conspiratorial motive (which he has not), prosecutors enjoy absolute immunity from suit for actions, like making representations regarding potential trial evidence, taken in the course of presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 427–28, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (holding prosecutors enjoy absolute immunity for activities that are "intimately associated" with the judicial process); *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir.1994) (prosecutors absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs"). *See also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir.1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence"). Like the prosecutors in *Imbler* and *Buckley*, prosecutors Cantrell and Bradley are immune from Logan's § 1983 claims because making representations in court regarding potential evidence is "intimately associated" with the judicial process.

■ We next consider the claims against Logan's public defenders.[1] Although the district court ruled that these claims were, in a sense, *Heck*-barred, we need not reach that issue because we may affirm on any basis fairly supported by the record, and we find here that Logan has failed the threshold requirement of presenting evidence to support the elements of his § 1983 claims. *Bay v. Cassens Transp. Co.*, 212 F.3d 969, 972–73 (7th

---

1. We affirm without discussion the district court's dismissal of Karen Coulis from the suit. Logan named Coulis, another Indiana public defender, as a defendant, but Coulis filed an undisputed affidavit claiming never to have had any involvement in the case.

Cir.2000). Section 1983 requires a plaintiff to show "(1) an action taken under color of law (2) which violates his federal constitutional rights." *Cunningham v. Southlake Ctr. for Mental Health, Inc.*, 924 F.2d 106, 107 (7th Cir.1991). Public defenders do not generally act under "color of law," *Polk County v. Dodson*, 454 U.S. 312, 324–25, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), so they cannot be successfully sued under § 1983 unless the plaintiff alleges and proves that they conspired with state actors, *Tower v. Glover*, 467 U.S. 914, 923–24, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984), which Logan has been unable to do. Although he claims that his public defenders conspired with the prosecutors by sharing "papers" with them, the only sharing of materials revealed in the record is that required by Indiana discovery rules. *See* Ind.Crim. Rule 21; Ind. Trial Rule 34; Ind. Trial Rule 26(B). To avoid adverse summary judgment, § 1983 plaintiffs suing private parties under a conspiracy theory must "plead and offer sufficient evidence to support a conspiracy between private and public actors." *Davis v. Union Nat'l Bank*, 46 F.3d 24, 26 (7th Cir.1994). *See also Moore v. Marketplace Restaurant*, 754 F.2d 1336, 1352 (7th Cir.1985) (Section 1983 plaintiff must "demonstrate that state officials and the private party somehow reached an understanding to deny the plaintiffs their constitutional rights.") As in *Davis* and *Moore*, Logan supplied no evidence to show that a conspiracy existed, so the district court properly granted summary judgment for the public defenders.

Accordingly, we AFFIRM the judgment of the district court.