**Daniel Francis CAREY,**
**Plaintiff-Appellant,**

v.

**CONTINENTAL AIRLINES, INC.; and**
**Gary C. Gilbert, Defendants-Appellees.**

**No. 85–2305.**

United States Court of Appeals,
Tenth Circuit.

July 15, 1987.

Thomas F. Birmingham, David L. Weatherford, and Hawley C. Kerr of Ungerman, Conner & Little, Tulsa, Okl., for plaintiff-appellant.

J. Ronald Petrikin and Elsie C. Draper of Gable & Gotwals, Tulsa, Okl., and J. Larsen Jaenicke of Rintala, Scott, Jaenicke & Brunswick, Los Angeles, Cal., for defendants-appellees.

Before LOGAN and TACHA, Circuit Judges, and O'CONNOR, District Judge.[*]

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is therefore ordered submitted without oral argument.

Plaintiff, Daniel Francis Carey, brought this action arising from Carey's arrest for trespassing against defendants, Continental Airlines and its employee Gary C. Gilbert, alleging violation of civil rights protected by 42 U.S.C. § 1983 and asserting several pendent state causes of action. Carey was arrested for trespass on December 5, 1983, in the gate area leased by Continental Airlines at Tulsa International Airport. At the time of his arrest, Carey was a Continental Airlines pilot on strike,

observing passenger boarding and aircraft maintenance for the Airline Pilots Association. Although Continental contends that Carey had previously engaged in harassing conduct related to the strike, the parties agree that at the time of his arrest Carey was dressed in civilian clothing and was not engaged in any harassing or attention-drawing conduct.

A Continental Airlines employee asked Carey to leave the area. When Carey refused, the employee called Gilbert, Continental Airlines' airport manager. Gilbert repeatedly asked Carey to leave. When he again refused, Gilbert asked another Continental Airlines employee to call an airport security officer. Gilbert told the officer who responded, a Tulsa police officer assigned to airport security, that Carey refused to leave, and was trespassing. The police officer questioned Carey and asked him to leave the area. When he still refused, the officer called for three additional police officers, and escorted Carey to the airport security station. Thereafter, Carey and Gilbert were taken to the Tulsa County Jail where Gilbert signed a complaint charging Carey with trespassing. The Tulsa Municipal Court eventually dismissed the trespassing charge, after which Carey filed this action in the United States District Court for the Northern District of Oklahoma.

The district court granted summary judgment to Continental Airlines and Gilbert on the § 1983 claim, and on pendent state claims of false arrest, false imprisonment and malicious prosecution. The court dismissed two other pendent state claims without prejudice. This appeal followed.

Under Fed.R.Civ.P. 56, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Vreeken v. Davis,* 718 F.2d 343, 347 (10th Cir.1983). In the instant case, the defendants are entitled to

judgment as a matter of law because the plaintiff failed to allege, much less produce evidence of, an element essential to his § 1983 claim.

■■■ The provisions of § 1983 only apply to persons who both deprive others of a right secured by the Constitution or laws of the United States and act under color of a state statute, ordinance, regulation, custom or usage. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). When a constitutional claim is asserted against private parties,[1] to be classified as state actors under color of law they must be jointly engaged with state officials in the conduct allegedly violating the federal right. *See Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1429 (10th Cir.1984), *cert. denied*, 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985);[2] *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 931–32 and n. 15, 941, 102 S.Ct. 2744, 2750–51 and n. 15, 2755–56, 73 L.Ed.2d 482 (1982); *Adickes*, 398 U.S. at 152, 90 S.Ct. at 1605–06. This concerted action constitutes both the state action essential to establish a constitutional violation, and action under color of state law, custom or usage. *See Lugar*, 457 U.S. at 931–32, 102 S.Ct. at 2750–51.

■■■ In the instant case, Carey did not allege facts from which we might conclude that his arrest resulted from any concerted action, whether conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power. *See Lusby,*

749 F.2d at 1430, 1433. If Gilbert himself made a "citizen's arrest" of Carey, as Carey asserts, this does not make Gilbert a state actor. *See Lee v. Town of Estes Park*, 820 F.2d 1112 (10th Cir.1987). Gilbert's complaining about Carey's presence to a Tulsa police officer who, acting within the scope of his statutory duties, arrested Carey after questioning him, does not, without more, constitute state action for which Gilbert can be held responsible. *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir.1983). Because Carey neither alleged nor offered evidence to support any concerted action between Gilbert and the police, the district court appropriately granted summary judgment on the § 1983 claim.

■■■ A federal court may not exercise pendent jurisdiction over state law claims when the federal claim is insubstantial. *See Jones v. Intermountain Power Project*, 794 F.2d 546, 549 (10th Cir.1986); *see also Dezell v. Day Island Yacht Club*, 796 F.2d 324, 328–29 (9th Cir.1986). Carey's § 1983 claim is clearly insubstantial, foreclosed by prior decisions of the Supreme Court and this court. Even if we date the existence of clearly controlling law in this circuit from our opinion in *Lusby*, which issued seven months after Carey filed suit, the district court ought not to have exercised its pendent jurisdiction over any of the state law claims to grant summary judgment. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("Certainly if the federal claims are dismissed before trial, even though not insubstantial in the

**1.** Carey's complaint alleged § 1983 jurisdiction based on the Public Accommodations provisions of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. But § 2000a is inapplicable because Carey does not allege, nor are there facts to support any allegation, that he was denied access to a place of public accommodation *"on the ground of* race, color, religion or national origin." 42 U.S.C. § 2000a (emphasis added); *see also Adickes*, 398 U.S. at 150 n. 5, 90 S.Ct. at 1604 n. 5. Carey's right of action under § 1983, if there is one, then must be based upon an alleged due process violation.

**2.** In *Lusby*, a municipal defendant, the City of Lawton, Oklahoma, raising claims of error unrelated to those we are here considering, peti-

tioned for certiorari to the United States Supreme Court. On the same day that the Supreme Court denied the private party's petition, 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985), the Court granted the city's petition, vacating the judgment with respect to the city and remanding "for further reconsideration in light of *City of Oklahoma v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)." *City of Lawton v. Lusby*, 474 U.S. 805, 106 S.Ct. 40, 88 L.Ed.2d 33 (1985). On reconsideration, we reaffirmed. *See Lusby v. T.G. & Y. Stores, Inc.*, 796 F.2d 1307, 1309 (10th Cir.1986), *cert. denied*, — U.S. ——, 107 S.Ct. 275, 93 L.Ed.2d 251 (1987).

jurisdictional sense, the state claims should be dismissed as well."); *see also Dezell,* 796 F.2d at 328–29.

Accordingly, the district court's grant of summary judgment as to the false arrest, false imprisonment, abuse of process, and malicious prosecution claims is VACATED, and the cause is REMANDED for dismissal of those claims without prejudice. The judgment of the United States District Court for the Northern District of Oklahoma granting summary judgment on the § 1983 claim and dismissing two pendent state law claims without prejudice is AFFIRMED.