33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Janet Elaine JONES, individually and as next friend of Emily
Kate Jones, a minor, and Stephanie Ann Jones, a
minor, Plaintiffs-Appellants,
v.
WAL-MART STORES, INC., Lisa D. Cassady, Roger Foster,
Defendants-Appellees.
 No. 93-5240.
 United States Court of Appeals, Tenth Circuit.
 July 27, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Janet Elaine Jones originally brought this action against Wal-Mart in state court alleging unlawful restraint. Wal-Mart removed the case to federal court on the basis of diversity. Jones then amended her complaint adding claims of false arrest, malicious prosecution, slander, and infliction of emotional distress, as well as a claim under 42 U.S.C.1983. She also added Wal-Mart employees Lisa D. Cassaday and Roger Foster as defendants, thereby defeating diversity. Wal-Mart was granted summary judgment on the 1983 claim, and Jones subsequently filed a motion to remand the case to state court, or, alternatively, dismiss without prejudice her remaining state tort claims. The court granted the motion to remand. Jones then filed this appeal challenging the partial summary judgment dismissing her 1983 claim contending that the district court erred in ruling that Wal-Mart and its employees did not act under color of law. Wal-Mart has moved to dismiss the appeal, contending that we lack jurisdiction. We deny Wal-Mart's motion and affirm the judgment of the district court.
 
 BACKGROUND
 
 3
 In July 1990, Ms. Jones and family members were leaving the Wal-Mart store in Sapulpa, Oklahoma, when Ms. Cassaday, a Wal-Mart loss prevention employee, approached them and accused Jones of shoplifting.[2] Jones cooperated with Cassaday's request to accompany her to the store's security office, where Cassaday searched her purse, "proceeded to have [Jones] arrested," and "had the police called." Jones Aff., Appellant's App. at 29. Officer Clyde Sellers arrived, spoke to store employees about the incident, provided a citizen's arrest form, which Cassaday filled out, and then took Jones to jail on a charge of petty larceny. Sellers Aff., Id. at 27-28. Ultimately, the charges against Jones were dismissed.
 
 DISCUSSION
 
 4
 A. Jurisdiction.
 
 
 5
 Wal-Mart argues that there is no final order which can be appealed under 28 U.S.C. 1291, contending that Jones was required to seek certification of the partial summary judgment under Fed.R.Civ.P. 54(b), and that the remand ended federal jurisdiction for all purposes. We disagree.
 
 
 6
 The partial summary judgment which dismissed Jones' claims under 1983 was interlocutory at the time it was entered. However, the subsequent remand left the district court with nothing more to do. Thus, the earlier order was no longer subject to revision and became conclusive on the parties.
 
 
 7
 True, no appeal lies from the order of remand; but in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause. Indisputably this order is the subject of an appeal; and, if not reversed or set aside, is conclusive upon the petitioner.
 
 
 8
 Waco v. United States Fidelity & Guar. Co., 293 U.S. 140, 143 (1934). "[A] proper review of the remand order should encompass all rulings leading up to that order, similar to the rule that a timely appeal from a final judgment brings up for review all prior rulings of the trial court." J.O. v. Alton Community Unit Sch. Dist. 11, 909 F.2d 267, 271 (7th Cir.1990). The remand order was the final decision that terminated the case in federal district court. We therefore have jurisdiction under 28 U.S.C. 1291 to hear this appeal.
 
 B. Claims Under 42 U.S.C.1983.[3]
 
 9
 "Section 1983 is not itself a source of substantive rights." Albright v. Oliver, 114 S.Ct. 807, 811 (1994) (internal quotations omitted). In order to recover under 1983, a plaintiff must show the deprivation of a federal right through conduct which is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). That is, "the party charged with the deprivation must be a person who .... is a state official, [or who] has acted together with or has obtained significant aid from state officials, or [whose] conduct is otherwise chargeable to the State." Id. Without such a limit, "private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." Id.
 
 
 10
 Jones premises her 1983 action on Wal-Mart's alleged violation of her federal constitutional rights, first in concert with the police in effecting the citizen's arrest for shoplifting, and then in concert with local court officials in getting the charges reinstated after they had been dismissed.
 
 
 11
 We review a summary judgment de novo, applying the same standards as the trial court. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). Summary judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We therefore must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Abercrombie, 896 F.2d at 1230. However, the mere allegation of some factual dispute will not defeat an otherwise properly supported motion for summary judgment, and a mere scintilla of evidence does not create a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The inquiry is "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Id. at 252 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448 (1872)). With respect to those issues for which he carries the burden of proof, the nonmoving party must produce specific facts "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves" if a properly supported summary judgment motion is to be avoided. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Martin v. Nannie and the Newborns, Inc., 3 F.3d 1410, 1414 (10th Cir.1993).
 
 
 12
 1. Arrest Under Color of Law.
 
 
 13
 An individual does not act under color of law merely by reporting an alleged crime to police officers who take action thereon. Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir.1983). Nor does the making of a citizen's arrest constitute acting under color of law for 1983. Carey v. Continental Airlines, 823 F.2d 1402, 1404 (10th Cir.1987); Lee v. Town of Estes Park, 820 F.2d 1112, 1114-15 (10th Cir.1987).
 
 
 14
 Generally, merchants are not considered to be acting under color of law for purposes of 1983 when they detain a person suspected of shoplifting or other crimes, call the police, or make a citizen's arrest. See Gramenos v. Jewel Cos., 797 F.2d 432, 435-36 (7th Cir.1986), cert. denied, 481 U.S. 1028 (1987); Cruz v. Donnelly, 727 F.2d 79, 81 (3d Cir.1984); White v. Scrivner Corp., 594 F.2d 140, 142-43 (5th Cir.1979); Hurt v. G.C. Murphy Co., 624 F.Supp. 512, 514 (S.D. W. Va.), aff'd, 800 F.2d 260 (4th Cir.1986); cf. Flagg Bros. v. Brooks, 436 U.S. 149, 165-66 (1978) (holding that state enacted provisions which permit self-help do not automatically convert private action into state action); Carey, 823 F.2d. at 1404 (holding that complaint to police and citizen's arrest by Continental Airlines employee does not constitute state action).
 
 
 15
 Jones attempts to evade this general rule and create an issue of material fact through Wal-Mart's policy manual and the police procedures that govern the treatment of accused shoplifters, citing Lusby v. T.G. & Y. Stores, 749 F.2d 1423, 1430 (10th Cir.1984), vacated on other grounds, 474 U.S. 805 (1985) and Murray v. Wal-Mart, Inc., 874 F.2d 555, 558-59 (8th Cir.1989). Thus, she argues the police impermissibly delegated their judgment to Wal-Mart because (1) the police officer did not give Jones an opportunity to deny the accusation, and (2) he required Cassaday to complete a preprinted citizen's arrest form which he provided. She bases her argument on dicta in Lusby regarding police failure to independently investigate a merchant's allegations of shoplifting before taking suspects who have been detained through citizen's arrest into custody, especially if the police provide special preprinted forms.[4] However, her argument ignores the distinguishing factors of her case and the compelling additional factors in Lusby.
 
 
 16
 Despite the lack of any objective claim that Wal-Mart employees were state actors (or even that she subjectively thought they were), Jones seeks to apply Lusby's broad statement out of context and directly against our later holdings in Carey and Lee. In Lusby the private security guard was an off-duty policeman who showed his badge, identified himself as a police officer and arrested the suspected shoplifter "on the spot," although he had neither witnessed the alleged theft nor spoken to other possible witnesses. Lusby, 749 F.2d at 1429-30. The summoned police took custody of the accused shoplifter based solely on their comrade's statements, without first requiring a citizen's arrest form or conducting their own routine inquiry. Id. at 1430. Likewise, in Murray, the Wal-Mart security employee was also an employee of the police department, and the police arrested the suspect based solely on her incomplete and misleading statements without requiring affidavits or citizen arrest forms. Murray, 874 F.2d at 559.
 
 
 17
 Unlike the cases Jones relies on, the police in the present case did not make the arrest; a private citizen made a citizen's arrest before the police arrived.[5] Moreover, Officer Sellers did speak to store employees. "[U]pon arriving at the Sapulpa Wal-Mart I questioned Wal-Mart employee, Lisa Cassaday, regarding the facts of this incident at which time Lisa Cassaday swore out a complaint placing Janet Jones under citizen arrest for the offense of petty larceny."[6] Sellers Aff., Appellant's App. at 27. Jones acknowledges these facts. See Jones Dep., Appellant's App. at 21. Jones' argument that the Officer had a duty to conduct an independent investigation, which included interviewing her, confuses his function with that of the prosecutor or judge and is implicitly rejected in Lee, 820 F.2d at 1114 (noting procedure whereby officer took custody of the suspect and determined charges based solely on interview with the accuser who had made the citizen's arrest). Cf. Gramenos, 797 F.2d at 439-40 (finding probable cause for police arrest of an accused shoplifter based solely on interview with the accuser).
 
 
 18
 In short, Ms. Jones's case is not controlled by Lusby or analogous to Murray. The district court's conclusion that state action was not implicated did not require a weighing of the evidence. Rather, the court properly applied the standards we set in Lee and Carey to hold Ms. Jones's best evidence did not establish a jury question for a critical element of her 1983 claim.
 
 
 19
 2. Malicious Prosecution.
 
 
 20
 Ms. Jones also complains that Wal-Mart acted under color of law in connection with her malicious prosecution, by improperly influencing court personnel to reinstate the charges after they had been dismissed.
 
 
 21
 When a plaintiff in a 1983 action attempts to assert the necessary "state action" by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action.... [The] standard is even stricter where the state officials allegedly involved ... are immune from suit, as are the state court judges ...
 
 
 22
 Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir.1994) (quoting Sooner Prod. Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983)), petition for cert. filed, No. 93-9079 (U.S. May 9, 1994).
 
 
 23
 The case against Ms. Jones was dismissed on October 4, 1990. Later that same day, Jones went to Wal-Mart, at which time she was followed and questioned by Wal-Mart employees. Jones Aff., Appellant's App. at 30. Ms. Cassaday then went to the county clerk and asked why Wal-Mart had not been notified of the trial. The clerk indicated that the case had been dismissed, and there would be no trial. After Cassaday told the clerk that Jones had been in Wal-Mart, the clerk contacted the judge "of my own volition and authority, to inform him what Janet Jones did.... Judge Richard Woolery then directed me to contact Janet Jones' attorney ... and have Ms. Jones appear ... on the next available date." Laidley Aff., Id. at 25-26. At the subsequent appearance, on October 18, Jones was required to sign a statement saying she would not return to Wal-Mart. Jones Aff., Id. at 30. Jones' amended complaint makes no claim for damages related to that agreement.
 
 
 24
 In support of her claim that the court improperly reinstated her case in cooperation with Wal-Mart, Jones filed uncertified court documents and an unofficial, unsigned handwritten note, none of which satisfies the requirements of Fed.R.Civ.P. 56(e). The district court found "no evidence to suggest that the charges were ever reinstated. The evidence merely shows that another hearing was held ... after [the local judge] had dismissed the charges." Order, Id. at 66.[7]
 
 
 25
 Whether the case was reinstated or otherwise brought up for reconsideration, the local court did not recall Ms. Jones in a vacuum, and thus we note the court clerk's uncontroverted affidavit which establishes that Wal-Mart had not been notified of the court date when the case was originally dismissed, that the clerk contacted the judge of her own volition, and that the judge ordered the second hearing. Laidley Aff., Id. at 25-26. Jones has not shown any evidence that Wal-Mart was engaged in state action under the strict standard we require when judges are alleged partners in a 1983 violation. Moreover, Constitutional deprivation requires showing more than a rescheduling that provides the adequate notice of court events and dates that any accuser may reasonably expect. The court correctly concluded there was no jury question.
 
 
 26
 For the reasons stated, we DENY Wal-Mart's motion to dismiss and AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The parties dispute the facts surrounding the accusation and subsequent search. However, that dispute is unrelated to the question of whether any defendant acted under color of law, as required under 1983
 
 
 [3]
 42 U.S.C.1983 provides:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ... for redress....
 
 
 [4]
 As distinguished from Jones's case, the forms in Lusby were not citizen's arrest forms, but forms which "allowed officers the discretion to issue a summons to a suspect when they arrived at the store, without taking the person to jail." Lusby, 749 F.2d at 1430. Apparently, the gravamen in Lusby was that the police failed to exercise any of the discretion they possessed
 
 
 [5]
 The cases cited in Lusby, 749 F.2d at 1430-31 n. 5, are also readily distinguished, either because of their procedural context or the particular circumstances. Cf., e.g., El Fundi v. Deroche, 625 F.2d 195, 196 (8th Cir.1980) (reversing a dismissal for failure to state a claim; consideration limited to the allegations in the complaint); Duriso v. K-Mart, 559 F.2d 1274, 1277 (5th Cir.1977) (involving police arrest without probable cause, based on store employee's statement that merchandise had been stolen, even though police search disclosed no stolen merchandise); Smith v. Brookshire Bros., 519 F.2d 93, 94-95 (5th Cir.1975) (involving police arrest without inquiry as to circumstances or requiring any written complaint from shopkeeper), cert. denied, 424 U.S. 915 (1976)
 
 
 [6]
 The affidavit which Officer Sellers signed for Jones relates the standard police procedure for answering a call for shoplifting: "No independent investigation is conducted by the police officer of the circumstances surrounding the alleged shoplifting incident prior to taking the suspect into custody and issuing the criminal complaint, as long as the merchant executes a Citizen's Arrest Form and requests prosecution." Sellers Aff., Appellant's App. at 32. We do not view this as inconsistent with the more specific facts quoted in text
 
 
 [7]
 The district court order also relates events that led to and transpired at that second hearing, although those facts are not apparent from the record on appeal