**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellant,*

v.

HAENG HWA LEE,
          *Defendant-Appellee.*

No. 09-10126

D.C. No.
1:06-cr-00080-1

ORDER AND
OPINION

Appeal from the United States District Court
for the District of Guam
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted
February 11, 2010—Honolulu, Hawaii

Filed April 28, 2010

Before: Jerome Farris, Dorothy W. Nelson and
Carlos T. Bea, Circuit Judges.

Opinion by Judge D.W. Nelson

**COUNSEL**

Karon Virginia Johnson, OFFICE OF THE U.S. ATTOR-NEY, Hagatna, Guam, for the appellant.

Howard Gustaf Trapp, HOWARD TRAPP INC., Hagatna, Guam, for the appellee.

**ORDER**

The request to publish the unpublished Memorandum disposition is GRANTED. The Memorandum disposition filed

February 22, 2010, is redesignated as an authored Opinion by Judge D. Nelson.

## OPINION

D.W. NELSON, Senior Circuit Judge:

Appellee Haeng Hwa Lee ("Lee"), a Korean national who originally entered Guam under a tourist visa waiver program, was indicted for Fraud in Connection with an Identification Document, in violation of 18 U.S.C. §§ 2 and 1028(a)(1), and Conspiracy, in violation of 18 U.S.C. §§ 2 and 371, after obtaining a Guam driver's license using a fictitious Individual Taxpayer Identification Number ("ITIN"). At Lee's pretrial conference, the district court dismissed the indictment against Lee, holding that a government agent only produces an identification document "without lawful authority" under § 1028(a)(1) if that agent was "paid off, so that [the agent does] not requir[e] the normal documents or know[s] that the normal documents are forged and . . . issue[s] a driver's license anyway." The government timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

"We review de novo a district court's decision to dismiss an indictment based on an interpretation of a federal statute." *United States v. Marks*, 379 F.3d 1114, 1116 (9th Cir. 2004).

**[1]** 18 U.S.C. § 2(b) provides that a person who "willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." In other words, a principal is guilty of an offense if she used "an innocent pawn to cause an act to be done which, if performed by the principal, would be unlawful." *United States v. Valencia*, 492 F.2d 1071, 1074 (9th Cir. 1974). The district court, without citing precedent, concluded that § 2(b) does not apply to prosecutions for identification fraud under § 1028(a)(1).

**[2]** This conclusion was in error. As Lee concedes, it is irrelevant whether the government agent who actually produced Lee's license intended to commit identification fraud or was merely an innocent pawn. *See United States v. Rashwan*, 328 F.3d 160, 165 (4th Cir. 2003) ("[The defendant] aided and abetted the production of false identification documents by providing false information to the DMV with the specific intent that the agency would then produce a false identification document for him. Because [the defendant] specifically intended for the DMV to issue a fraudulent identification card and license, it does not matter whether the clerk who actually produced the license also had any intent to commit the crime.").

**[3]** Lee argues that this court should affirm the district court on the alternate ground that the Guam Department of Revenue and Taxation does not have the lawful authority to require that driver's license applicants present an ITIN or Social Security Number. This argument fails. Lee is precluded from challenging the legality of the underlying requirement that she present an ITIN in order to receive a driver's license. *See, e.g.*, *Dennis v. United States*, 384 U.S. 855, 866 (1966) ("It is no defense to a charge based upon [fraud] that the statutory scheme sought to be evaded is somehow defective."). We therefore reverse the district court's dismissal of the indictment against Lee and remand for further proceedings.

**REVERSED and REMANDED**.