**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICAH BLACKFEATHER,

        Plaintiff-Appellant,

v.

CHRISTY WHEELER; JASON
KORN; DAVID KENNEDY; JOHN
LEWELLYNG; WILLIAM
RAYMOND MILLER; MIGUEL
FLORES; KELLY ADAMS; KEVIN
BERNARD HILLIARD; CARRIE
LOUISE ADAMS; TYLER ADAMS;
EMILIA NORIEGA; ABLE
JIMENEZ; HILARIA JIMENEZ;
VALERIE HEALD,

        Defendants-Appellees.

No. 15-1094
(D.C. No. 1:14-CV-02566-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

---

      [*]     After examining the briefs and appellate record, this panel has decided unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Pro se prisoner Micah Blackfeather appeals from the district court's dismissal of his § 1983 civil-rights claim.[1]  In his underlying complaint, Mr. Blackfeather alleged that police officers and private citizens filed falsified reports stating that he was responsible for stealing two bicycles, and that, as a result, he has been falsely imprisoned.  Prior to the defendants being served with the complaint, the district court reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B)(i) and dismissed it as frivolous.

We dismiss Mr. Blackfeather's appeal as frivolous and deny him leave to proceed *in forma pauperis* ("IFP") on appeal.  Further, because Mr. Blackfeather is subject to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), we impose two strikes under 28 U.S.C. § 1915(g).

# I

Mr. Blackfeather was arrested in August 2013 for bicycle theft.  Private citizens apprehended him and managed to "wrestle him to the ground" after chasing him.  R. at 57 (Wheeler Police Report, dated Aug. 21, 2013).  When police officers arrived at the scene, they found two men "sitting on top of" Mr. Blackfeather to prevent him from getting away.  *Id.* at 54 (Kennedy Police Report, dated Aug. 21, 2013).  Because Mr. Blackfeather had a cut on his leg, was

---

[1]  As explicated further, *infra*, we liberally construe Mr. Blackfeather's pro se filings, *see Curtis v. Chester*, 626 F.3d 540, 543 n.1 (10th Cir. 2010), but we do not assume the role of his advocate, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

complaining of pain, and appeared to be confused, he was transported to the Longmont University Hospital for treatment before being taken to the Boulder County Jail.

Three police officers—Chrystie Wheeler, David Kennedy, and Jason Korn—each filed reports detailing the incident, and several individuals provided statements claiming that they had witnessed Mr. Blackfeather steal a bicycle from Mr. Miguel Flores. Mr. Blackfeather is currently detained at the Colorado Mental Health Institute in Pueblo, Colorado, and had criminal charges pending against him in Colorado state court at the time the district court dismissed this lawsuit.[2]

In September 2014, Mr. Blackfeather filed the present § 1983 lawsuit against the three police officers as well as eleven private individuals. His amended complaint[3] asserted that the police officers falsified their reports, that the witnesses lied about his conduct, and that, as a result, he has been falsely imprisoned. However, before the defendants had been served, the district court dismissed the amended complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).[4] The court found that Mr. Blackfeather could not assert

---

[2] The record does not contain sufficient information for us to ascertain whether the charges have since been resolved.

[3] A magistrate judge found his initial complaint to be deficient because it consisted primarily of conclusory allegations, and directed him to file an amended complaint.

[4] 28 U.S.C. § 1915(e)(2) provides that "the court shall dismiss the case (continued...)

3

§ 1983 claims against the private citizens because he had failed to allege facts demonstrating that they were acting under color of state law. Moreover, according to the district court, his claims against the police officers also failed because he did not allege sufficient facts to support a constitutional claim against them. Finally, the court held that he had not demonstrated that "any of the named Defendants are responsible for his continuing confinement." R. at 116 (Order of Dismissal, filed Feb. 13, 2015). In addition to dismissing the amended complaint, the district court noted that "any appeal . . . would not be taken in good faith" and therefore denied Mr. Blackfeather IFP status on appeal. *Id.* at 119.

## II

On appeal, Mr. Blackfeather reasserts his allegation that the police officers "falsified police reports to make an arrest" and "support[ed] their claims with fake witnesses and victims." Aplt Opening Br. at 3. He further claims that he was "chased down, shot at and beat[en] up and then strangled" when he was apprehended, and that the police "kidnapp[ed] [him] into a waiting [a]mbulance," where he was "shot up until [he] passed out" and mistreated at the hospital. *Id.* He also seeks leave to proceed IFP.

---

[4](...continued)
at any time if the court determines that . . . [] the action or appeal [] is frivolous or malicious."

4

**A**

"We generally review a district court's dismissal for frivolousness under § 1915 for abuse of discretion." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). "Abuse-of-discretion review ordinarily includes review of any legal conclusions de novo and any factual findings for clear error." *United States v. Ray*, 704 F.3d 1307, 1315 (10th Cir. 2013). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a complaint is frivolous, we are not bound by the usual rule that we must accept the allegations in the pleadings as true; however, the allegations must still be "weighted in favor of the plaintiff." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *see Neitzke*, 490 U.S. at 327 (stating that language, which is now codified in material respects in § 1915(e), gives courts "the unusual power to pierce the veil of the complaint's factual allegations").

**B**

Although we construe pro se pleadings liberally, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), we have repeatedly emphasized that "pro se litigants must follow the same rules of procedure that govern other litigants," *Shrader v. Biddinger*, 633 F.3d 1235, 1249 n.9 (10th Cir. 2011); *accord Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). As relevant here, we have held that Federal Rule of Appellate Procedure 28 "applies equally to pro se litigants"; pursuant to this rule, a brief "must contain . . . more than a

5

generalized assertion of error, with citations to supporting authority." *Garrett*, 425 F.3d at 841 (omission in original) (quoting *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)). While we typically excuse a pro se plaintiff's failure "to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with pleading requirements," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we have nevertheless found that a pro se brief that consists of no more than "mere conclusory allegations with *no* citations to the record or *any* legal authority for support" does not preserve an issue for appellate review, *Garrett*, 425 F.3d at 841 (emphases added).

Mr. Blackfeather's brief is bereft of a statement of facts or any citations to the record or legal authority. In both his statement of the issues and his specification of the district court's legal and factual errors, he simply reiterates his amended complaint's conclusory averments—namely, that the police reports and witness statements contained therein are false and that he was mistreated when he was apprehended. He does not address the district court's conclusion that his amended complaint was frivolous or attempt to demonstrate that his claims do not meet the § 1915(e)(2)(B)(i) standard for frivolity. Mr. Blackfeather's deficient briefing therefore waives any appellate review of the district court's decision. *See Harsco Corp. v. Renner*, 475 F.3d 1179, 1190 (10th Cir. 2007) ("[A] party waives those arguments that its opening brief inadequately

6

addresses."); *Garrett*, 425 F.3d at 841 ("[T]he inadequacies of Plaintiff's [pro se] briefs disentitle him to review by this court.").

## C

Even if we were to exercise our discretion to overlook Mr. Blackfeather's waiver, *see United States v. Montgomery*, 550 F.3d 1229, 1231 n.1 (10th Cir. 2008), he would not prevail. Simply put, his conclusory and unfocused briefing, construed liberally, does not provide an "arguable basis either in law or in fact" for us to reverse the district court. *Neitzke*, 490 U.S. at 325.

First, with respect to Mr. Blackfeather's claim that the police officers falsified their reports, his amended complaint and his appellate brief contain largely bare allegations. *See* R. at 106 (Am. Compl., filed Jan. 6, 2015) (stating that "the officers have forged a Police Report"); *id.* at 109 (stating that the witnesses "either . . . did not lawfully give statements or . . . did not speak with the Police Officers at all"); Aplt. Opening Br. at 3 (stating that the police "falsified Police Reports," that the alleged crime "never occurred," and that police "created" fake witnesses). Yet, in order to state a plausible claim, a plaintiff must allege sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the absence of any "well-pleaded factual contentions" giving rise to the plausible inference that the police officers falsified their reports, the district court was not required to accept Mr.

7

Blackfeather's "conclusory allegations" as true, *Hall*, 935 F.2d at 1110, and did not err in finding that the claim was "clearly baseless," *Neitzke*, 490 U.S. at 327; *see Reed v. Dunham*, 893 F.2d 285, 287 (10th Cir. 1990) (concluding that allegations that were "unfocused, conclusory, and hopelessly deficient" were appropriately dismissed as frivolous).

Second, Mr. Blackfeather argues that he was "shot at and beat up and then strangled" during his apprehension. Aplt. Opening Br. at 3. It appears from the record that Mr. Blackfeather was initially detained by private individuals who chased after him. *See* R. at 54. A private citizen "can be held liable under § 1983 only if she was a 'willful participant in joint action with the State or its agents.'" *Beedle v. Wilson*, 422 F.3d 1059, 1071 (10th Cir. 2005) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)); *see Lee v. Town of Estes Park*, 820 F.2d 1112, 1114 (10th Cir. 1987) ("[I]n order to hold a private individual liable under § 1983, it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State.").

In *Lee*, we concluded that a private individual who effected a "citizen's arrest" and escorted the plaintiff to a police station was not a state actor or engaged in joint action where there was no evidence "that there was any prearrangement" and the police officer "made the decision as to whether [the

8

plaintiff] should be charged with any offense." 820 F.2d at 1115. Neither Mr.

Blackfeather's complaint nor his appellate brief contain any allegations that the

individuals who detained him were acting in concert with the police officers; thus,

his claim against the private citizens who apprehended him "lacks even an

arguable basis in law." *Neitzke*, 490 U.S. at 328.[5]

Finally, Mr. Blackfeather alleges that the police "helped kidnap[] [him] into

a waiting Ambulance" where he was "shot up until [he] passed out." Aplt.

Opening Br. at 3. He further claims that when he woke up in the hospital he "was

being drained of blood" and there were "holes in [his] back from bullets and skin

grafting taken from [his] legs." *Id.* As an initial matter, none of these allegations

appear in the complaints Mr. Blackfeather filed in the district court, and thus he

has waived any legal claim relating to this alleged conduct. *See Ramirez v. Sec'y,*

*U.S. Dep't of Transp.*, 686 F.3d 1239, 1250 (11th Cir. 2012) ("[B]eing *pro se*

does not, by itself, excuse a failure to raise an argument below . . . ."). Moreover,

---

[5] Before the district court, Mr. Blackfeather argued that various private individuals gave false witness statements. On appeal, he does not press this claim, but instead argues that the witnesses were simply "created" by the police officers as part of their falsified reports. Aplt. Opening Br. at 3. Even if Mr. Blackfeather had preserved his contention that the witnesses lied, he would not have prevailed under § 1983 because there are no plausible allegations that there was a "conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power." *Carey v. Cont'l Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987); *see also Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law . . . .").

the Supreme Court has advised that such "fanciful factual" allegations, *Neitzke*, 490 U.S. at 325, which "rise to the level of the irrational or the wholly incredible," *Denton*, 504 U.S. at 33, are appropriately treated as factually frivolous under § 1915(e)(2)(B).

Thus, we conclude that the district court appropriately deemed Mr. Blackfeather's claims to be frivolous.

**D**

The so-called three-strikes provision, 28 U.S.C. § 1915(g), states that after a prisoner files three civil "action[s] or appeal[s]" that are dismissed as "frivolous, malicious, or [for failure] to state a claim," he is no longer entitled to proceed IFP unless he is in "imminent danger of serious physical injury." Here, the district court dismissed Mr. Blackfeather's amended complaint as frivolous, and, as we explain *supra*, it did not err in doing so.

Further, if we "dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes." *Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). Because Mr. Blackfeather's appellate brief fails to address whether the district court's determination under § 1915(e)(2)(B) was erroneous, but instead largely rehashes the inadequate allegations in his amended complaint, it does not provide even an arguable basis in law or fact for reversal, and is thus frivolous.

Therefore, because we affirm the district court's finding that Mr. Blackfeather's amended complaint was frivolous, and also conclude that his appeal is frivolous, two strikes are warranted in this case. Moreover, because we conclude that Mr. Blackfeather's appeal is frivolous, we also deny him leave to proceed IFP on appeal. *See Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007) (stating that in order to proceed IFP on appeal, an appellant must demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal").

We caution Mr. Blackfeather that a third strike will preclude him from bringing any civil action or an appeal from a judgment in a civil action without prepaying the applicable filing fee unless he can demonstrate "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### III

For the foregoing reasons, we **DISMISS** Mr. Blackfeather's appeal as frivolous, **DENY** his motion for IFP status, and impose two strikes under the PLRA. We remind Mr. Blackfeather of his obligation to pay the filing fee in full.

Entered for the Court


JEROME A. HOLMES
Circuit Judge

11