**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HAI GAN,

    Defendant - Appellant.

No. 14-2208
(D.C. No. 2:11-CR-02282-RB-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Apparently New Mexico's Motor Vehicle Division ("MVD") will issue driver's licenses to illegal immigrants so long as they appear in person with some form of identification and two documents suggesting their residency in the state (the usual lease agreement, utility bill, bank statement, or the like). Knowing this much, Hai Gan devised a scheme to profit from it. In exchange for cash he offered to provide false residency documents to illegal aliens living in other states and help them navigate the logistics of applying for a license with the MVD. Mr. Gan

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

solicited clients through advertisements in Chinese-language newspapers — and soon enough his business took off. Between 2009 and 2011, he charged dozens of illegal aliens up to $3,000 each to list one of his three New Mexico rental properties as their own. Neither did Mr. Gan's services stop there. He also fabricated backdated lease agreements and encouraged his clients to sign up for renters insurance or utilities accounts so they could obtain the paperwork MVD required. And to round out his services, Mr. Gan scheduled his clients' appointments with the MVD, shuttled them to and from the airport, driving school, and MVD offices, and forwarded the final licenses after they arrived in the mail.

Mr. Gan's business came to an abrupt end on May 11, 2011. That day he entered a border patrol checkpoint in Las Cruces after picking up two clients at separate MVD offices. When questioned by border patrol agents, Mr. Gan's clients admitted that they were not U.S. citizens and that they didn't have any immigration documentation. Soon enough, too, Mr. Gan waived his *Miranda* rights and gave the agents a detailed account of his driver's license scheme.

Eventually a jury convicted Mr. Gan of fifty-one counts of transferring false identification documents, eight counts of transporting illegal aliens, three counts of money laundering, and two counts of witness tampering. Sentenced to forty-one months in prison and facing deportation after that, Mr. Gan now appeals his conviction. Proceeding pro se, he raises what appears to be nineteen separate arguments, challenging everything from the constitutionality of his arrest to the legality of the jury's instructions.

We discern nothing of merit here. To start and though we are mindful of our duty to construe Mr. Gan's pleadings liberally, his opening brief offers no meaningful discussion of the issues he styles nine and fourteen through nineteen. We simply do not have enough to permit us to pass on these issues intelligently and so deem them waived. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *Blackfeather v. Wheeler*, 623 F. App'x 907, 909-10 (10th Cir. 2015) (applying the same rule to a pro se litigant). Another eleven of Mr. Gan's arguments — those he styles issues one through five, seven, eight, and ten through thirteen — were not raised before the district court, so we may review them only for plain error. And nothing in his briefing, however generously construed, leads us to believe there is any error, let alone plain error, to be found among these arguments. *See generally United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995).

That leaves one matter Mr. Gan preserved and fairly presented on appeal — his claim that the government presented insufficient evidence at trial to convict him of transferring false identification documents (or aiding and abetting their transfer) in violation of 18 U.S.C. § 1028(a)(2). In assessing a challenge to the sufficiency of the evidence we must of course view that evidence in the light most favorable to the jury's verdict. *United States v. Camick*, 796 F.3d 1206, 1213-14 (10th Cir. 2015). And in that light there is plenty of evidence to sustain the verdict in this case. Twelve federal agents testified at Mr. Gan's trial, as did one agent from New

3

Mexico's tax fraud investigations division and nine of Mr. Gan's former clients. Together they painted a vivid picture of Mr. Gan's scheme to transfer false driver's licenses, from his newspaper advertisements to his confession to border patrol agents, from his client spreadsheets to MVD driver's license printouts largely matching those spreadsheets.  Under these circumstances, we have no trouble concluding that a reasonable jury could have convicted Mr. Gan of violating and aiding and abetting the violation of § 1028.  *See, e.g.*, *United States v. Haeng Hwa Lee*, 602 F.3d 974, 975-76 (9th Cir. 2010); *United States v. Rashwan*, 328 F.3d 160, 165 (4th Cir. 2003).

Mr. Gan's motion to supplement the record on appeal is denied and the judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

4