**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1736
_____

SHAWN DANIELS,
                                            Appellant

v.

NORTHWESTERN HUMAN SERVICESS; MICHAEL WENCROWIC;
MARLENE GREENE; JOVANA LEWIS; STACEY BORDON; PAUL SACHS;
JOHN DOE 1; JOHN DOE 2
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-03128)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 23, 2021
Before:  AMBRO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 14, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Shawn Daniels appeals pro se from an order granting the defendants' motion to dismiss his second amended complaint. We will affirm the District Court's order.

In 2018, Daniels initiated a lawsuit under 42 U.S.C. § 1983 against Northwestern Human Services, a private non-profit organization that operated "Douglas House," a residential rehabilitation center in Philadelphia.[1] Daniels also named in his complaint several Douglas House staff members, including Marlene Greene, Stacey Bordon, and Jovana Lewis. He amended his complaint. The defendants moved to dismiss the amended complaint, arguing, among other things, that Daniels had failed to plead that the defendants were state actors for § 1983 purposes. See Motion, ECF No. 26-1 at 6–8.

Thereafter, Daniels amended his complaint again. He stated that he had resided at Douglas House for almost 14 months. He made numerous allegations about the defendants' behavior, including that Lewis harassed him with profane language and confiscated his belongings. Daniels also asserted that Greene called the police on him and made false accusations about him, which endangered him and resulted in his having to appear in mental health court. Daniels also alleged that Lewis and Bordon withheld documents pertaining to a court order, which resulted in Daniels' being sentenced to a term of incarceration for non-compliance with the order. Daniels claimed that the defendants violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

_____

[1] The parties agree that Douglas House is now operated by Merakey Philadelphia, whose counsel represents the appellees. See Doc., 3d Cir. ECF No. 10 at 1.

The defendants moved to dismiss the second amended complaint. The District Court granted the defendants' motion, concluding that Daniels had failed to plead that the defendants are state actors for § 1983 purposes, and declined to grant Daniels leave to further amend his complaint. Daniels appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review de novo the District Court's grant of the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).

We agree with the District Court that Daniels' second amended complaint failed to plead that the defendants were state actors for § 1983 purposes. To survive the defendants' motion to dismiss, Daniels was required to allege that the defendants, while acting under color of state law, deprived him of a federal right. See Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005). The "color of state law element is a threshold issue," and thus there is no liability under § 1983 if the defendants were not acting under color of state law. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

Private actors, such as the non-governmental defendants named here, can be said to act under color of state law only if their conduct is "fairly attributable" to the state. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). To determine whether state action exists in such a circumstance, we consider "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether

3

the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (quotation marks and alteration omitted).

Daniels' second amended complaint lacks sufficient factual allegations from which a reasonable person could infer that the defendants were state actors or engaged in state action. Regarding the defendants' relationship to the state, Daniels alleged only that "Douglas House is a community residential rehabilitation residence under operation of [Northwestern Human Services] who is from my knowledge integrated working with the City of Philadelphia and its prison institutions and the state as well. People from the state jails are often sent to these [residential centers] for programs." Am. Complaint, ECF No. 60-1 at 11.[2] Even under the liberal pleading standards afforded to pro se litigants, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), these allegations do not suffice, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Bell Atl. Corp. v. Twombly, 550

---

[2] Daniels' second amended complaint was filed at ECF No. 54, but that version is missing pages. The defendants filed a complete copy of the complaint as an attachment to their motion to dismiss at ECF No. 60-1, which we cite here.

4

U.S. 544, 555 (2007) (explaining that a plaintiff's complaint must contain more than "labels and conclusions").[3]

Daniels argues on appeal that the defendants are private actors who were engaged in "joint activity" with the state. Appellant's Br. at 7. However, this argument is bare and unsupported. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145–46 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing."). Daniels' allegations—including that the defendants' actions resulted in Daniels being made to appear in court and being placed into state custody—are insufficient to state that the defendants were "willful participant[s] in joint action with the State or its agents." Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982) (quotation marks and citation omitted); see generally Blum v. Yaretsky, 457 U.S. 991, 1011 (1982) (holding that a nursing home was not a "joint participant" with the state despite extensive state funding and licensing); Rendell-Baker, 457 U.S. at 840–41 (same regarding a public school); see also, e.g., Carey v. Cont'l Airlines, Inc., 823 F.2d 1402, 1404 (10th Cir. 1987)

_____

[3] To the extent that Daniels' second amended complaint can be interpreted to include an allegation that he was court-ordered to live at Douglas House, see, e.g., Am. Complaint, ECF No. 60-1 at 6 (stating that the mental health court "sent [him] back to Douglas House"), such an allegation, without more, is insufficient to allege that the defendants were state actors. See, e.g., Leshko, 423 F.3d at 347 (holding that court-ordered foster parents were not state actors for § 1983 purposes); see also generally Kach, 589 F.3d at 646 (emphasizing that the state-action test is "fact-specific").

(concluding that a private actor did not engage in state action when he called the police on a trespassing individual, even though the call resulted in the individual's arrest).

In addition, Daniels does not argue on appeal that the District Court should have granted him leave to further amend his complaint, see In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (holding that arguments not raised in an appellant's opening brief are forfeited), and he presents nothing on appeal to suggest that further amendment would enable him to cure the defect in his second amended complaint, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (stating that allowing leave to amend is unnecessary if amendment would be futile).

Accordingly, we will affirm the District Court's order granting the defendants' motion to dismiss.